**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MATTHEW D. DANZEY,<br>　　　　　　　Appellant, | DOCKET NUMBER<br>NY-1221-20-0118-W-1 |
| 　　　v. | |
| DEPARTMENT OF JUSTICE,<br>　　　　　　　Agency. | DATE: July 25, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Chungsoo Lee, Jenkintown, Pennsylvania, for the appellant.

Kealin Culbreath, Esquire, Atlanta, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact;

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's jurisdictional response in greater detail, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

In addressing the evidence and argument that the appellant submitted below, the administrative judge appears to have overlooked the appellant's main jurisdictional pleading. Initial Appeal File (IAF), Tab 5 at 34-36. We consider it now.

The appellant bears the burden of proving jurisdiction over an appeal. 5 C.F.R. § 1201.56(b)(2) To establish jurisdiction over an IRA appeal, an appellant must show that he exhausted his administrative remedies before the Office of Special Counsel (OSC) and make nonfrivolous allegations that (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined under 5 U.S.C. § 2302(a). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016); *see* 5 U.S.C. §§ 1214(a)(3), 1221(e)(1). Whether allegations are

nonfrivolous is determined on the basis of the written record. *Massie v. Department of Transportation*, 114 M.S.P.R. 155, ¶ 11 (2010). Once an appellant establishes jurisdiction over his IRA appeal, he is entitled to a hearing on the merits of his claim. *Salerno*, 123 M.S.P.R. 230, ¶ 5.

We first consider the exhaustion requirement. Under 5 U.S.C. § 1214(a)(3), an employee is required to seek corrective action from OSC before seeking corrective action from the Board. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011). The exhaustion requirement is met when the appellant has provided OSC with a sufficient basis to pursue an investigation. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11. The Board's jurisdiction is limited to those issues that were previously raised with OSC. However, appellants may give a more detailed account of their whistleblowing activities before the Board than they did to OSC. *Id.* Appellants may demonstrate exhaustion through their initial OSC complaint; evidence that they amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations; and their written responses to OSC referencing the amended allegations. *Id.* Appellants also may establish exhaustion through other sufficiently reliable evidence, such as an affidavit or a declaration attesting that they raised with OSC the substance of the facts in the Board appeal. *Id*.

In determining whether the appellant has satisfied the exhaustion requirement, we have considered the March 4, 2020 closeout letter and notice of appeal rights, the February 19, 2020 letter from OSC, and the body text of the appellant's additional correspondence with an OSC attorney. IAF, Tab 1 at 8, 13, Tab 5 at 5-25. Because the appellant states, under penalty of perjury, that he provided OSC with the brief timeline included in his response to the jurisdictional order, we have considered it as well. IAF, Tab 5 at 26-29, 34. We have not, however, pored over the voluminous additional documents found at Tabs 6 through 25. *See Keefer v. Department of Agriculture*, 92 M.S.P.R. 476, ¶ 18 n.2

(2002). To the extent those documents may refer to additional alleged disclosures and retaliatory actions, the appellant failed to show by preponderant evidence that his articulated claims provided OSC with a sufficient basis to pursue an investigation.[1]

Based on our review of the appellant's main jurisdictional pleading, we conclude that he clearly alleged before OSC that he made protected disclosures when, in November 2018, he reported to the Trust Fund Supervisor: (1) that inmates had been allowed to hire other inmates in the commissary and handle sensitive documents; and (2) that two Material Handler Supervisors had improperly used replacement product samples to offset inventory shortages. The appellant's correspondence with OSC also refers to a disclosure involving "3 year old bacon," which was apparently being kept at the commissary (although the appellant did not clearly inform OSC when or to whom he made that disclosure). IAF, Tab 5 at 8, 10.IAF, Tab 5 at 13, 26-27. He further alleged before OSC that the agency retaliated against him for those disclosures by: (1) denying his request for a transfer; and (2) refusing or delaying authorization for outside employment. *Id*. at 26-29. Hence, as the appellant points out on review, he exhausted his remedies with respect to alleged disclosures and retaliatory actions that were not mentioned in the closeout letter or the initial decision.

However, assuming without deciding that the appellant made nonfrivolous allegations that one or more of his disclosures were protected under 5 U.S.C. § 2302(b)(8), he failed to nonfrivolously allege that his disclosures were a contributing factor in the contested personnel actions. Under the statute governing IRA appeals, an employee may demonstrate that a disclosure or protected activity was a contributing factor in the contested personnel action

---

[1] For example, the appellant notes on review that the documents he provided OSC included the Standard Form 50 recording his August 18, 2019 reduction in grade. Petition for Review File, Tab 1 at 6; *see* IAF, Tab 19 at 37. However, considering that the form was surrounded by hundreds of other pages of disorganized documents, the appellant did not clearly inform OSC that he was claiming the demotion as an alleged retaliatory action.

through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure or protected activity, and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or protected activity was a contributing factor in the personnel action. 5 U.S.C. § 1221(e)(1); *Salerno*, 123 M.S.P.R. 230, ¶ 13. The knowledge-timing test is only one way of establishing contributing factor, and if an appellant fails to satisfy the knowledge-timing test, other evidence must be considered, such as that pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the responsible agency officials, and whether those individuals had a desire or motive to retaliate against the appellant. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶¶ 14-15 (2012).

Regarding the appellant's request for a change of position, an appointment or reassignment constitutes a "personnel action" for purposes of a whistleblowing claim. *See* 5 U.S.C. § 2302(a)(2)(A)(i), (iv). However, the appellant has not identified the responsible agency officials, alleged that they were aware of his disclosures, or otherwise explained how a retaliatory motive may have played a role in the agency's decision. Thus, he has not made a nonfrivolous allegation that his disclosures were a contributing factor in the agency's failure to grant his request. As for the appellant's claim that the agency delayed his authorization for *outside* employment, the agency's actions in that regard do not constitute a personnel action within the meaning of 5 U.S.C. § 2302(a)(2)(A).

In sum, the appellant failed to make a nonfrivolous allegation that his disclosures, assuming they were protected, were a contributing factor in the agency's decision to take or fail to take, or threaten to take or fail to take, a personnel action under 5 U.S.C. § 2302(a). To the extent the appellant raises claims of race discrimination, the Board lacks jurisdiction to consider such claims in the context of an IRA appeal. *See Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 18-23 (clarifying that the Whistleblower Protection Enhancement Act

of 2012 did not expand the scope of the Board's IRA jurisdiction to include claims relating to Title VII of the Civil Rights Act of 1964). Finally, there is no law, rule, or regulation that would grant the Board authority to review the appellant's allegation that OSC misinterpreted his complaint. *See Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985) (stating that the Board's authority is limited to those matters over which it has been given jurisdiction by law, rule or regulation). Because the appellant did not meet his burden on the threshold issue of jurisdiction, it was unnecessary for the administrative judge to conduct a hearing on the merits or require the agency to submit a narrative response. Accordingly, we find no basis for further review of the initial decision.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.